UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**CASE NO.**

DAVID PETERS,

    Plaintiff,

v.

TRACFONE WIRELESS, INC, a
foreign profit corporation.

    Defendant.

_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, DAVID PETERS ("Plaintiff" or "Mr. Peters") sues the Defendant, TRACFONE WIRELESS, INC., a foreign profit corporation, ("Defendant") and as grounds therefor alleges:

**JURISDICTIONAL ALLEGATIONS**

1.     This is an action against the Defendant to recover damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3(a), the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* arising from the discriminatory and retaliatory practices of Defendant.

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343 (3), 1367(a) and 42 U.S.C. Sections 2000e-2(a)(1) and 1988 and Florida Statute Chapter 760 *et. seq.*. This Court has supplemental jurisdiction over the Florida statutory claims pursuant to 28 U.S.C. Section 1367 and original jurisdiction under 28 U.S.C. Section 1343(3).

3.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Section 1391(b) because all of the actions upon which this case is based were committed in the Southern

District of Florida.

4.     Plaintiff at all material times, was a United States citizen and lawful resident of Miami-Dade County, over the age of 18, and was employed by Defendant in a position that they called "Information Security Consultant." Although Plaintiff was classified by Defendant as an independent contractor, such classification was incorrect because under the "economic realities" of the arrangement, Plaintiff was an employee under the law.

5.     At all times material, Defendant owned and operated a business which is located in the Southern District of Florida, is engaged in an industry affecting commerce, and employs more than 500 persons.

6.     As jurisdictionally relevant, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on the basis of Religion/Catholic, Race/White, Age and for Retaliation for engaging in protected activity with the EEOC, which was assigned charge number 510 2017-03501.

7.     After investigating the matter for the statutorily required period, the EEOC issued its Notice of Right to Sue at the request of Plaintiff on February 28, 2019. This Notice of Right to Sue is attached as Exhibit "A".

8.     Thus, all conditions precedent to the initiation of this action against Defendant have been complied with through the administrative procedures of the Equal Employment Opportunity Commission.

## FACTS GIVING RISE TO CAUSE OF ACTION

9.     Plaintiff worked for Defendant from approximately May 2016, until his discharge on

or about May 19, 2017.

10. At the time of his unlawful termination, Plaintiff's job title was Information Security Consultant. At all relevant times, Plaintiff's job performance met or exceeded his employer's legitimate expectations.

11. Plaintiff was wrongfully terminated on May 19, 2017. The termination was improper under law and was in violation of the Defendant's own policies and procedures and was in retaliation for Plaintiff's complaints about discrimination in the workplace. Prior thereto, Plaintiff had been subjected to a hostile work environment based upon his Religion/Catholic, Age/60 years old, and Race/White. After Plaintiff complained about the hostile work environment, he was threatened with termination; and he was ultimately terminated almost immediately after a written complaint was e-mailed to human resources.

12. Plaintiff was humiliated, embarrassed and shamed that he would be terminated from his job for such reasons, and he has suffered a great deal of mental anguish since and as a result of his termination.

13. As a result of the acts and omissions of Defendant, Plaintiff's rights under 42 U.S.C. Section 2000e-3(a), the Florida Civil Rights Act, Fla.Stat. Ch. 760, and the Age Discrimination in Employment Act were violated and he suffered the following injuries:

   a. Pain and suffering;

   b. Medical expense in the past and in the future;

   c. Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience and emotional distress;

  d. Loss of capacity for the enjoyment of life;

  e. Deprivation of life, liberty and property;

  f. Legal fees and expense;

  g. Loss of earnings in the past and future;

  h. Loss of earning capacity;

  i. Injury to reputation;

  j. Loss of the rights described hisein;

  k. Back pay;

  l. Reinstatement or the value of the reinstatement of all benefits that he would have enjoyed but for the constructive discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits and vacation benefits;

  m. Incidental expenses;

  n. Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable time;

  o. Punitive damages and/or Liquidated damages; and

  p. Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will continue to suffer in the future.

  14. Trial by jury demanded for all issues so triable if right by jury.

## COUNT I

### Claims for Retaliation in Violation of 42 U.S.C. Section 2000e-3(a)

15. Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 14.

16. This is an action to recover damages and injunctive relief for retaliation brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-3(a).

17. The actions taken by Defendant are in violation of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-3(a).

18. Plaintiff belongs to a protected class within the meaning of 42 U.S.C. Section 2000e-a(a)(1) because he engaged in protected activity through complaints of a hostile work environment directed to his supervisors and to human resources.

19. Plaintiff engaged in protected activity through complaining that he was being subjected to a hostile work environment on the count of his race, religion and age through complaints to his supervisor and to human resources.

20. Plaintiff was retaliated against for engaging in protected activity by being terminated from employment, which constituted an ultimate employment action. The adverse employment action was causally related to Plaintiff's protected activity.

21. As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

22. Defendant is liable because, as set forth above, their supervisory personnel were responsible for the retaliatory actions complained of, which actions were in violation of law, and no

corrective action to stop and/or prevent it was undertaken.

23. As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

24. As a result of the deprivations of rights at the hands of Defendant, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. Section 2000e-5k and othiswise by law.

WHEREFORE, Plaintiff, DAVID PETERS demands judgment against the Defendant, TRACFONE WIRELESS, INC, for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 2000, punitive damages, and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II

### Retaliation in Violation of Florida Civil Rights Act, Fla.Stat.Ch. 760

25. Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 14.

26. This is an action for damages and injunctive relief brought pursuant to the Florida Civil Rights Act. Fla.Stat.Ch. 760.

27. The conduct of the Defendant to the Plaintiff in relation to the conduct described above was in violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

28. As set forth above, Plaintiff engaged in protected activity through his complaints to

management personnel and human resources.

29. Plaintiff was retaliated against for engaging in protected activity by being terminated from employment which constitutes an adverse employment actions. The adverse employment action was causally related to Plaintiff's protected activity.

30. As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

31. Defendant is liable because, as set forth above, its management personnel were responsible for the actions complained of.

32. As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover under the terms of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, *et.seq.*

33. As a result of the deprivations of rights at the hands of Defendant, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to the Florida Civil Rights Act, Fla.Stat.Ch. 760.

WHEREFORE, Plaintiff, DAVID PETERS, demands judgment against the Defendant TRACFONE WIRELESS, INC. for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to Florida Statutes Chapter 760, *et.seq.*, punitive damages, and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT III

### Retaliation claim in Violation of the Age Discrimination in Employment Act

34. Plaintiff adopt and allege the allegations of paragraphs 1 through 14.

35. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. §621 et. seq.

36. As set forth above, Plaintiff engaged in protected activity through his complaints to management personnel and human resources.

37. Plaintiff was retaliated against for engaging in protected activity by being terminated from employment which constitutes an adverse employment actions. The adverse employment action was causally related to Plaintiff's protected activity.

38. As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

39. Defendant is liable because, as set forth above, its management personnel were responsible for the actions complained of.

40. Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. §626(b) because of Defendant's willful violation of the Age Discrimination in Employment Act.

41. Plaintiff is further entitled to his costs and attorneys' fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, DAVID PETERS, demands judgment against the Defendant TRACFONE WIRELESS, INC. for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees., liquidated damages, and such other relief as this

*Peters v. Tracfone Wireless, Inc.*
*Case No.*
*Page No. 9*

Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

Dated this May 23, 2019.

Respectfully submitted,
FEILER & LEACH, P.L.
Attorneys for Plaintiff
901 Ponce de Leon Blvd.
Suite # 300
Coral Gables, Florida 33134
Tel: (305) 441-8818
Fax: (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com

By: */s/ Martin E. Leach*
MARTIN E. LEACH
Fla. Bar No. 0037990

EEOC Form 161-B (11/20)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | David T. Peters<br>8170 SW 142 Terrace<br>Palmetto Bay, FL 33158 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2017-03501 | Jose A. Delarosa,<br>Investigator | (305) 808-1827 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Michael J. Farrell,
District Director

FEB 2 8 2019
(Date Mailed)

cc:  TRACFONE WIRELESS
c/o Irma T. Solares, Esquire
CARLTON, FIELDS, JORDEN, BURT, P.A.
100 SE Second St - Suite 4200
Miami, FL 33131



EXHIBIT "A"